FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 14, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HUGUETTE NICOLE YOUNG,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>BOB FERGUSON, in his official capacity as Attorney General for the State of Washington,<br><br>　　　　　　Defendant. | NO: 2:20-CV-277-RMP<br><br>ORDER OF DISMISSAL WITHOUT PREJUDICE |

BEFORE THE COURT is a Motion by Plaintiff Huguette Nicole Young to "Have Magistrate Judge Removed from Case; to Have a District Judge Render an Order on Plaintiff's Application to Proceed In Forma Pauperis; and to Compel the Court to Honor Rule 5.1(b)." ECF No. 10. Also before the Court is a Report and Recommendation by United States Magistrate Judge John T. Rodgers recommending disposition of this matter. ECF No. 11. Having reviewed the entire docket in this matter, and the relevant law, the Court is fully informed.

///

ORDER OF DISMISSAL WITHOUT PREJUDICE ~ 1

# BACKGROUND

Plaintiff filed a Complaint on August 10, 2020, claiming that the face mask order in Washington State infringes her First Amendment free speech rights and seeking to enjoin the Washington State Attorney General from enforcing the face mask order. ECF No. 1. Plaintiff did not pay the requisite filing fee; rather, Plaintiff filed an Application to Proceed In Forma Pauperis.

After reviewing Plaintiff's application, Magistrate Judge Rodgers issued an Order Denying Application to Proceed with In Forma Pauperis with Leave to Renew on August 13, 2020. ECF No. 4. That Order addressed Plaintiff's arguments that took issue with the existence of a filing fee for pro se litigants seeking to vindicate their constitutional rights and that disputed the Court's authority to request financial information to assess whether Plaintiff may proceed in forma pauperis and avoid the fee. *Id.* Magistrate Judge Rodgers gave Plaintiff thirty days to pay the filing fee or submit a properly completed application to proceed in forma pauperis. *Id.* at 3.

Rather than refile an in forma pauperis application, Plaintiff filed her "Motion to Have Magistrate Judge Removed from Case; to Have a District Judge Render an Order on Plaintiff's Application to Proceed In Forma Pauperis; and to Compel the Court to Honor Rule 5.1(b)." ECF No. 10. Once the thirty days after the Order Denying Application to Proceed In Forma Pauperis with Leave to Renew expired, Magistrate Judge Rodgers issued a Report and Recommendation noting that Plaintiff had not filed a properly completed Application to Proceed In Forma Pauperis, and

1 recommending that, consequently, Plaintiff's Complaint be dismissed without

2 prejudice. ECF No. 11. Plaintiff did not file an objection to the Report and

3 Recommendation. Rather, on October 9, 2020, Plaintiff filed a First Amended

4 Complaint and a Motion seeking a speedy hearing on her request for declaratory

5 relief raised in her First Amended Complaint, pursuant to Fed. R. Civ. P. 57. ECF

6 Nos. 12 (First Amended Complaint) and 13 (Motion for a Speedy Hearing under

7 Fed. R. Civ. P. 57).

## DISCUSSION

9     The Federal Magistrates Act permits district courts to assign magistrate judges

10 certain identified duties, as well as "such additional duties as are not inconsistent

11 with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). In this

12 District, United States Magistrate Judges may rule upon applications to proceed in

13 forma pauperis. Local Magistrate Judge Rule ("LMJR") 2(a)(7). However,

14 magistrate judges lack authority to issue dispositive orders denying a motion to

15 proceed in forma pauperis. *See Tripati v. Rison*, 847 F.2d 548 (9th Cir. 1988).

16     Plaintiff asks this Court to render a decision on her in forma pauperis

17 application. ECF No. 10 at 3. Plaintiff's request is not at odds with Magistrate

18 Judge Rodgers' Report and Recommendation, which also requires the assigned

19 Article III district judge to make the final determination regarding whether

20 Plaintiff's action may proceed without the payment of a filing fee or compliance

21 with the requirements for proceeding in forma pauperis. *See* ECF No. 11 at 2

ORDER OF DISMISSAL WITHOUT PREJUDICE ~ 3

1  (recommending a disposition, for this Court's consideration).  Magistrate Judge

2  Rodgers' initial Order, ECF No. 4, and subsequent Report and Recommendation, are

3  consistent with the limitation set forth by *Tripati*, 847 F.2d 548.  Moreover, to the

4  extent that Plaintiff argues that any role for a magistrate judge in the in forma

5  pauperis application process is unconstitutional, Plaintiff does not cite legal

6  authority for her position, *see* ECF No. 10 at 7−11, and the Court finds no further

7  analysis warranted.

8         It is undisputed that Plaintiff has neither paid the requisite filing fee nor

9  submitted the requisite information to permit the Court to grant in forma pauperis

10 status.  *See* 28 U.S.C. § 1914 (filing fee a statutory prerequisite to a civil action in

11 federal district court); 28 U.S.C. § 1915 (allowing district courts to grant leave to

12 proceed in forma pauperis only after an individual submits an affidavit setting forth

13 assets and an inability to pay).  Therefore, dismissal without prejudice is appropriate.

14 *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

15        Plaintiff also requests that this Court "honor Rule 5.1(b) of Fed. R. Civ. P. and

16 certify to the United States Attorney General all of plaintiff's constitutional

17 challenges to federal statutes," referring to the challenges to federal statutes and the

18 United States Constitution that Plaintiff sets forth in seeking to proceed without

19 payment of the filing fee or compliance with the in forma pauperis requirements.

20 ECF No. 10 at 3, 10−11.  However, Fed. R. Civ. P. 5.1(b) facilitates an opportunity

21 for the United States to intervene to defend the constitutionality of a statute, and Fed.

ORDER OF DISMISSAL WITHOUT PREJUDICE ~ 4

R. Civ. P. 5.1(c) expands on section (b) by providing that a Court must wait for a response from the United States Attorney General before entering any final judgment holding a statute unconstitutional.  Rule 5.1, Fed. R. Civ. P., does not control the situation here, where dismissal without prejudice is appropriate without proceeding further with the case because Plaintiff has failed to pay the civil filing fee or secure a waiver of the fee requirement.  Plaintiff's Motion is denied with respect to certification under Fed. R. Civ. P. 5.1.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Have Magistrate Judge Removed from Case; to Have a District Judge Render an Order on Plaintiff's Application to Proceed In Forma Pauperis; and to Compel the Court to Honor Rule 5.1(b), **ECF No. 10**, is **DENIED**.

2. The Court **ADOPTS** the Report and Recommendation, **ECF No. 11**, with respect to dismissal without prejudice of Plaintiff's complaint, but declines to order Plaintiff to provide Defendant with notice of dismissal, as Defendant's counsel already entered appearances in this matter and, therefore, will receive notification automatically.  *See* ECF Nos. 5 and 6.

/ / /

/ / /

/ / /

ORDER OF DISMISSAL WITHOUT PREJUDICE ~ 5

3. This action is **dismissed without prejudice**, and any remaining motions are **denied as moot**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, provide copies to Plaintiff and counsel, and **close this case**.

**DATED** October 14, 2020.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge