FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 09, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HUGUETTE NICOLE YOUNG,<br><br>    Plaintiff,<br><br>v.<br><br>BOB FERGUSON, in his official capacity as Attorney General for the State of Washington,<br><br>    Defendant. | NO:  2:20-CV-277-RMP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

BEFORE THE COURT is pro se Plaintiff Huguette Nicole Young's Motion for Reconsideration, ECF No. 15, of this Court's Order of Dismissal without Prejudice, ECF No. 14.  The Court has considered the motion and its attachments, the record, the relevant precedent, and is fully informed.

A motion for reconsideration should not be granted, "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or . . . there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 1

On October 14, 2020, this Court dismissed without prejudice Plaintiff's Amended Complaint for failure to pay the requisite filing fee or, alternatively, to submit sufficient information based on which the Court could grant Plaintiff leave to proceed in forma pauperis. ECF No. 14. The District Court Clerk subsequently closed the file in this case, as directed by the Court's Order. On October 19, 2020, Plaintiff filed the instant Motion for Reconsideration and an unauthorized Second Amended Complaint. ECF Nos. 15 and 16.

Plaintiff asserts that she "has neglected to inform the court that she is currently receiving federal benefits from the Supplemental Nutrition Assistance Program (SNAP)[.]" ECF No. 15 at 1. Plaintiff posits that she offers this information regarding her receipt of SNAP benefits to support that she is unable to pay the filing fee, but she "still refuses to submit a detailed financial statement despite the fact that it will clearly show plaintiff qualifies for IFP status" because of Plaintiff's reading of 28 U.S.C. § 1915(a)(1) as not requiring her to submit a detailed financial statement.

The Court finds no reason to revisit its prior Order. *See* ECF No. 14. The "newly discovered evidence" that Plaintiff now purports to submit in the form of her own declaration that she has received SNAP benefits since September 7, 2020, is not new at all. *See* ECF No. 15-1. Rather, the evidence is merely Plaintiff's own knowledge of her receipt of SNAP benefits since September 2020, more than one month prior to the Court's dismissal of her case. *See id.; Feature Realty, Inc. v. City*

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 2

1   *of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003).  Plaintiff cannot successfully argue

2   that she exercised due diligence to provide the SNAP information prior to dismissal

3   when she was in possession of the information all along.  *See Feature Realty*, 331

4   F.3d at 1093.

5          Moreover, as Plaintiff still refuses to fully inform the Court regarding her

6   assets and her inability to pay the civil filing fee, Plaintiff's earlier production of her

7   now-disclosed SNAP information is unlikely to have changed the disposition of her

8   case.  *See* ECF No. 15 at 1; *see also* 28 U.S.C. § 1914 (filing fee a statutory

9   prerequisite to a civil action in federal district court); 28 U.S.C. § 1915 (allowing

10  district courts to grant leave to proceed in forma pauperis only after an individual

11  submits an affidavit setting forth assets and an inability to pay).  Plaintiff presents no

12  other grounds for reconsideration.  Therefore, the Court denies Plaintiff's Motion,

13  ECF No. 15.

14         Furthermore, Rule 12(f) of the Federal Rules of Civil Procedure provides that

15  the Court may strike "any redundant, immaterial, impertinent, or scandalous matter."

16  Fed. R. Civ. P. 12(f).  This case is closed.  Plaintiff's Second Amended Complaint,

17  therefore, is an untimely filing that the Court strikes pursuant to Fed. R. Civ. P.

18  12(f).  ECF Nos. 14 and 16.

19         Accordingly, **IT IS HEREBY ORDERED**:

20    1.    Plaintiff's Motion for Reconsideration, **ECF No. 15**, is **DENIED.**

21

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 3

2. Plaintiff's Second Amended Complaint, ECF No. 16, shall be **stricken** pursuant to Fed. R. Civ. P. 12(f).

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to Plaintiff and counsel. The file in this case shall remain closed.

**DATED** December 9, 2020.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 4